# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| RONALD WADE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 1:07-CV-153 (WLS) |
| | * | 28 U.S.C. § 2254 |
| WARDEN GARRET, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-7). Petitioner has filed his Response (R-9) to Respondent's Motion to Dismiss.

On May 11, 1982, Petitioner Wade, who is currently serving a sentence in the Federal Correctional Complex in Coleman, Florida, pled guilty to Possession of Marijuana with Intent to Distribute and Possession of a Controlled Substance in Violation of the Georgia Controlled Substances Act in the Superior Court of Grady County. (R-1-2, Petitioner's Exhibit "A"). Petitioner did not pursue a direct appeal from his guilty plea. In 2005, Petitioner filed a state habeas corpus petition in the Grady County Superior Court which was denied on January 3, 2006. *Id.* Although Petitioner was properly advised of appellate procedure, he failed to file an application for certificate of probable cause in the Supreme Court of Georgia before filing an appeal. *Id.* For that reason, the Supreme Court of Georgia denied petitioner's appeal, citing *Fullwood v. Sivley*, 271 Ga. 248, 517 S.E.2d 511 (1999). On July 17, 2007, Petitioner filed the current application for federal habeas relief. (R-1).

The Respondent thereafter filed an Answer and Motion to Dismiss on August 18, 2007. (R-6 and 7). On October 18, 2007, Petitioner filed his Response. (R-9).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d

1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner's judgment of conviction became final on June 10, 1982, which was 30 days after his guilty plea and the time for filing notice of appeal expired.

June 10, 1982, however, precedes the effective date of the enactment of the AEDPA statute of limitations as it applies to § 2254 applications for federal writ of habeas corpus. The Eleventh Circuit Court of Appeals recognized this problem as to all prisoners whose convictions had become final prior to the effective date of the AEDPA. In *Wilcox v. Florida Dept. of Corrections*, 158 F. 3d 1209 (11th Cir 1998), it was held that state prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, must be given a reasonable time after the enactment of the one-year period of limitation to file their federal habeas actions, and "under those circumstances, a reasonable period is until April 23,

1997," one year from the date of enactment. *Id*. at 1211. Petitioner's window of opportunity to file a § 2254 application in this court, therefore, began on April 24, 1996, and expired on April 23, 1997.

Petitioner's state petition for habeas corpus filed in 2005, followed the expiration of the AEDPA statute of limitations by nearly eight years. The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Therefore, Petitioner's State Habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002). Thus, Petitioner's federal habeas petition filed on July 17, 2007, followed the expiration of the AEDPA statute of limitations by ten years and failed to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 23rd day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc